IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLETE REO HART,

    Plaintiff,               No. CIV S-05-1584 FCD PAN P

    vs.

JONESON, et al.,

    Defendants.         ORDER

                                /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Plaintiff's motion to proceed in forma pauperis will therefore be granted. However, for the reasons set forth <u>infra</u> the court will defer until subsequent order the determination whether the partial filing fee provisions of 28 U.S.C. § 1915(b) apply to this action.

        Plaintiff alleges prison officials have confused his records with those of another prisoner and that at least one prison official believes plaintiff should have been released to

1

parole. Plaintiff does not allege the nature of his conviction, the length of his sentence or whether he believes he has completed his term. He seeks damages and immediate release.

A challenge to the length of a prison sentence must be made by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). On the other hand, a challenge to the conditions of an inmate's confinement that does not implicate the validity of a prison sentence is generally brought as a civil rights action pursuant to 42 U.S.C. § 1983. See Preiser, id. It is not clear from the complaint before the court whether plaintiff is contending that his constitutional rights have been violated by an unlawful extension of his prison term or, instead, whether he is contending that his constitutional rights are violated through alleged mismanagement of prison records that has not affected the length of his incarceration.

Because the court cannot determine whether this action should proceed as a habeas corpus action or a civil rights action, plaintiff will be given the opportunity to file an amended pleading. If plaintiff does choose to file an amended pleading, it should be on the form appropriate to the nature of the claims, in accordance with the preceding paragraph.[1]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 13, 2005 motion for leave to proceed in forma pauperis is granted.

2. Plaintiff's original complaint is dismissed with leave to file an amended complaint or a petition for a writ of habeas corpus within thirty days from the date of service of this order. Failure to file an amended complaint or a petition for a writ of habeas corpus will result in a recommendation that the action be dismissed.

3. The Clerk of the Court is directed to send to plaintiff a form civil rights

---

[1] Plaintiff is advised that he will incur a liability in the amount of $250.00 for the filing fee for a civil rights action should he file an amended pleading raising claims under 42 U.S.C. § 1983.

1 complaint and a form petition for a writ of habeas corpus by a person under judgment of a state
2 court, with accompanying instructions.
3 DATED: June 12, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12/4
hart1584.14